GEORGE C. KNIGHT, Plaintiff-Appellant, v. PENALEE J. KNIGHT, Defendant-Appellee.

Third District   No. 3—87—0471

Opinion filed February 3, 1988.

Raymond L. Huff, of Peoria, for appellant.

Sonnemaker, Sonnemaker, Vespa & Morris, P.C., of Peoria (Clifford J. Langenfeld, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Following the dissolution of the marriage of George and Penalee Knight, the trial court entered a supplemental judgment order which granted permanent custody of the couple's child to George, directed Penalee to pay child support, and divided the parties' assets and debts. Penalee filed a timely petition for rehearing and other relief.

At the post-trial hearing on this matter, the court ordered a home study investigation and report with respect to both parties to assist it in ruling on the issues raised in the post-trial petition. George objected to this order and brought the instant appeal pursuant to Supreme Court Rule 304(a). (107 Ill. 2d R. 304(a).) We affirm.

George and Penalee Knight's six-year marriage was dissolved in November of 1986. A hearing on reserved issues, including custody of the couple's minor child, was scheduled for January 5, 1987. At Penalee's request, the hearing on these issues was continued until March 3, 1987, so she could be represented by counsel. However, Penalee appeared *pro se* at the March 3 hearing. Following the presentation of evidence, the trial court entered a supplemental judgment order which awarded permanent custody of the minor child to George, directed Penalee to pay child support, set a visitation schedule, and distributed the parties' marital debts and assets. Penalee thereafter retained an attorney and filed a timely petition for rehearing and other relief. In the petition, she alleged that she was previously unrepresented by counsel due to adverse financial conditions and that the existence of new evidence and evidence previously unknown to her warranted reconsideration of the supplemental judgment order, particularly the court's award of custody.

At the hearing on the post-trial petition, Penalee testified that because she was not knowledgeable about legal proceedings, she had not been able to present her evidence well at the earlier hearing. She also stated that during their marriage she had observed George strike their child on numerous occasions. When Penalee attempted to testify about matters which occurred after entry of the supplemental judgment order, the trial court granted George's motion to exclude testimony on post-judgment matters. During a subsequent in-chambers discussion between the trial judge and the parties' attorneys, Penalee's counsel suggested that the court order a home study investigation pursuant to section 605 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 605) (IMDMA). The judge indicated that it appeared that the Department of Children and Family Services (DCFS) had never conducted an in-depth home study investigation in this case and that an investigation and report would assist him in ruling on Penalee's petition. The court then ordered a home study investigation to be conducted with the cost of the investigation and report to be shared equally by George and Penalee.

On appeal, George urges this court to reverse the order directing completion of a home study investigation and report. He argues that the trial court had no jurisdiction to order the investigation because a

final judgment had been entered in the case and the judgment had not been vacated and, alternatively, if the court had jurisdiction, issuance of the order was an abuse of discretion and against the manifest weight of the evidence. Although the procedure employed by the trial court was irregular and poor practice, we find nonetheless that jurisdiction still resided in the trial court at the time it entered the order for an investigation and report. The preferred and better practice would have been to enter such an order for investigation, if it were to be ordered, prior to the supposed final disposition.

■■ Section 605 of the IMDMA provides that in contested custody proceedings, the trial court may order an investigation and report concerning the child and his potential custodial arrangements. There is no dispute that Penalee's post-trial motion was filed within the 30-day period specified by section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203). If a timely post-trial motion is filed by one or both of the parties, the trial court retains jurisdiction over the matter until the disposition of any pending post-trial motion. (*In re Marriage of Parello* (1980), 87 Ill. App. 3d 926.) When considering a post-trial motion of a party, the trial court may act on points raised in the motion or may act on any error which it perceives must be remedied to do justice between the parties. (*Parello,* 87 Ill. App. 3d at 932.) Consequently, the trial court had jurisdiction to act on Penalee's motion and to order an investigation and report.

■■ Furthermore, we find that the trial court's order was neither an abuse of discretion nor against the manifest weight of the evidence. The primary consideration in determining custody is the best interest and welfare of the child and matters such as the interactions between the child and his parents and acts of physical violence by the child's potential custodian are relevant to the determination. (Ill. Rev. Stat. 1985, ch. 40, par. 602(a).) The record in this case discloses that allegations of child abuse had previously been lodged against both parties and that the child had been placed with DCFS for several months while the charges were investigated. Serious questions regarding George's fitness as a parent and the existence of past physical abuse were raised. Allegations that DCFS had declared George's present wife unfit to have permanent custody of her own child were also made. In light of the possibility that the award of permanent custody to George was not in the best interest of the child, the trial court ordered the home study investigation and report. We find no reversible error in this action.

In summary, we do not encourage the unusual and irregular procedure employed here, but find that the trial court had retained juris-

.diction to enter the order and that it acted to protect the best interests of the child. Accordingly, we affirm the order of the circuit court of Peoria County.

Affirmed.

STOUDER, P.J., and SCOTT, J., concur.